Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BARBARA SALZANO,

    *Plaintiff,*

v.

ARMT2007-2 i/c/o U.S. BANK, N.A., and WELLS FARGO HOME MORTGAGE,

    *Defendants.*

Civil Action No. 18-16194

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This case concerns an allegedly predatory loan. D.E. 1, Ex. 1. Plaintiff Barbara Salzano alleges that Defendants ARMT2007-2 ("ARMT") in care of[1] U.S. Bank, N.A., and Wells Fargo Home Mortgage ("WF") unlawfully participated in the originating, assigning, owning, and servicing of a loan to Plaintiff for $896,000, collateralized by Plaintiff's house. *Id.* Currently pending is Defendants' motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. D.E. 10. The Court reviewed the parties' submissions[2] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Defendants' motion to dismiss is granted and all counts are dismissed without prejudice.

---

[1] Plaintiff does not clarify her use of "i/c/o" in captioning the case, but the Court interprets it to mean "in care of."

[2] Defendants' brief in support of their motion will be referred to as "Def. Br.," D.E. 10-1. Plaintiff did not file an opposition to this motion, despite being granted an adjournment to do so. *See* D.E. 12.

## I. BACKGROUND[3]

On November 13, 2006, NJ Lenders Corp., a non-party, issued a refinancing loan (the "Loan") to Plaintiff in the amount of $896,000, secured by a mortgage on Plaintiff's home. D.E. 1, Ex. 1 ("Compl.") ¶¶ 4-5. Plaintiff alleges that the purpose of the Loan "was to refinance the existing loan on Plaintiff's home in order, *inter alia*, to reduce the payments, the interest rate and/or take cash out from the equity in Plaintiff's home." *Id.* ¶ 5. Plaintiff alleges that the "loan-to-value ratio was based upon an inflated appraisal [of the home] obtained by Defendants" and that the "type of loan was an adjustable rate mortgage with various payment options at the plaintiff-borrowers' election[.]" *Id.* Plaintiff alleges that her "costs and expenses, as well as the compensation paid to the loan originator(s), were excessive and predatory." *Id.*

Plaintiff alleges that Defendant ARMT improperly purports to be the successor in interest to NJ Lenders Corp. as the holder of the Loan, *id.* ¶¶ 2, 19, 24(h), and that Defendant WF is improperly acting as the servicer of the loan, *id.* ¶¶ 3, 24(h). Plaintiff brought her Complaint against these Defendants in the Superior Court of New Jersey, on August 31, 2018, alleging eight counts: (I) quiet title; (II) breach of implied covenant of good faith and fair dealing; (III) breach of fiduciary duty; (IV) unjust enrichment; (V) breach of contract; (VI) common law fraud; (VII) unconscionability; and (VIII) consumer fraud. *Id.* ¶¶ 23-58. Defendants removed the case to this Court on November 15, 2018 based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. D.E. 1. ¶ 7. Defendants then moved to dismiss the Complaint on December 28, 2018 pursuant to Fed.

---

[3] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

R. Civ. P. 12(b)(6) for failure to state a claim. D.E. 10. Plaintiff did not oppose this motion, despite the Court granting her an extension to do so. *See* D.E. 12.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

"Independent of the standard applicable to Rule 12(b)(6) motions, Rule 9(b) imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Thus, pursuant to Rule 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . . [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A party alleging fraud must therefore support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016). Accordingly, "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). This heightened pleading standard is designed to "ensure that defendants are placed on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of fraud." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (internal quotation marks omitted).

## III. ANALYSIS

Defendant moves to dismiss all counts of the Complaint for two reasons: (1) expiration of applicable statute of limitations, and (2) failure to plausibly plead her claims under Fed. R. Civ. P. 12(b)(6). Def. Br. at 4-21. First, a statute of limitations defense is an affirmative defense that the Court only relies on to dismiss a plaintiff's complaint when it is apparent on the face of the complaint. *See Benak ex rel. All. Premier Growth Fund v. All. Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006) ("A statute of limitations defense is an affirmative one, and in order to

undergird a dismissal, must appear on the face of the complaint."). Here, expiration of applicable statute of limitations is not apparent from the face of Plaintiff's Complaint, largely because the Complaint is often unclear as to what factual allegations against Defendants give rise to Plaintiff's claims. Therefore, the Court evaluates this motion to dismiss under Defendants' plausibility argument.[4]

Plaintiff fails to plausibly plead any of her claims.[5] Plaintiff first brings a claim for quiet title (Count I). Compl. ¶¶ 23-25. The relevant New Jersey statute provides as follows:

> Any person in the peaceable possession of lands in this state and claiming ownership thereof, may, when his title thereto, or any part thereof, is denied or disputed, or any other person claims or is claimed to own the same, or any part thereof or interest therein, or to hold a lien or encumbrance thereon, and when no action is pending to enforce or test the validity of such title, claim or encumbrance, maintain an action in the superior court to settle the title to such lands and to clear up all doubts and disputes concerning the same.

N.J.S.A. § 2A:62-1; *see also Pillitteri v. First Horizon Home Loans*, No. 14-03076, 2015 WL 790633, at *7 (D.N.J. Feb. 25, 2015). "It is a settled rule that in an action to quiet title the plaintiffs must rely upon the strength of their own title and not upon the weakness of that of the defendants." *Id.* (quoting *Dudley v. Meyers*, 422 F.2d 1389, 1394-95 (3d Cir. 1970)) (internal quotations omitted). Conclusory allegations that a defendant is not the holder of a loan due to an improper

---

[4] Since the Court is granting Plaintiff leave to amend, the Court notes that Defendants are correct in asserting that a six-year statute of limitations applies to many of Plaintiff's claims, *see* N.J.S.A. § 2A:14-1 ("Every action at law for . . . for recovery upon a contractual claim or liability, express or implied, . . . shall be commenced within 6 years next after the cause of any such action shall have accrued"), and that origination of the Loan appears to have occurred in November 13, 2006, Compl. ¶ 4 – over eleven years from Plaintiff's filing of the Complaint. If Plaintiff elects to file an amended complaint, she must include the relevant dates of the alleged improper actions.

[5] There are different pleading standards between federal and state court. Thus, in dismissing claims based on plausibility, the Court grants Plaintiff leave to amend.

5

assignment (and requests to produce a proper assignment) are insufficient to plead the claim. *See id.* (finding that the plaintiffs "failed to state a claim to quiet title pursuant to N.J.S.A. [§] 2A:62-1" because the plaintiffs "merely ask[ed] [the] [d]efendants to prove they hold the mortgages in question as a result of the assignments"); *Schiano v. MBNA*, No. 05-1771, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013) (finding that the plaintiff's "bald allegations fail[ed] to establish that a quiet title action [wa]s warranted" because the plaintiffs "d[id] not allege that any other party ha[d] attacked the validity of [the] [p]laintiffs' mortgage," and the plaintiffs only "claim[ed] that they d[id] not know the owner of their mortgage and that the assignments of their mortgage [were] invalid"), *aff'd*, No. 05-1771, 2013 WL 2455933 (D.N.J. June 3, 2013).

Here, Plaintiff fails to plausibly plead a claim for quiet title. Plaintiff merely alleges that ARMT does not hold the Loan because the Loan was not "properly assigned to ARMT." Compl. ¶ 24(a). Plaintiff, however, does not allege any facts indicating how the assignment was improper.[6] In fact, other allegations in the Complaint seem to concede that an assignment occurred. *See id.* ¶¶ 20 ("Defendants assigned, negotiated and/or attempted to securitize the loan, note, and/or mortgage."), 19 ("Defendant ARMT is the successor in interest to defendant[7] NJ LENDERS CORP."). Plaintiff also admits to not know who holds her Loan, *id.* ¶ 24(i) ("[i]t remains to be proven what party, if any, is the proper beneficial and/or titular holder of the mortgage and mortgage note, as well as the lawful servicer"), and does not allege that any party has claimed to hold the Loan other than ARMT. Plaintiff's conclusory allegations that ARMT does not hold the

---

[6] Plaintiff references "International Revenue Code § 860," *id.* ¶ 24(e), which governs deductions for deficiency dividends, *see* I.R.C. § 860. It is unclear as to how this provision supports Plaintiff's claim. Plaintiff also failed to respond to Defendants' moving brief, so the Court has no further explanation.

[7] Plaintiff referred to NJ Lenders Corp. as a "defendant," but NJ Lenders Corp. is not listed as a defendant in this action.

6

Loan do not plausibly plead a claim for quiet title on her property, which serves as collateral for the Loan. *See Boykin v. MERS/MERSCORP*, No. 11-4856, 2012 WL 1964495 (D.N.J. May 31, 2012) (dismissing a quiet title claim when the plaintiff's complaint consisted "almost exclusively of legal conclusions absent factual allegations"). Plaintiff's claim for quiet title (Count I) is dismissed without prejudice.

Plaintiff next brings claims for breach of implied covenant of good faith and fair dealing (Count II), breach of fiduciary duty (Count III), unjust enrichment (Count IV), breach of contract (Count V), and unconscionability (Count VII). Compl. ¶¶ 26-40, 49-53. Each of these claims are premised on the allegation that "Defendants had duties to the Plaintiffs [sic] under the contract/mortgage-loan agreement." *Id.* ¶¶ 27, 32, 35, 39, 50. However, Plaintiff only alleges that she entered the Loan with NJ Lenders Corp., *id.* ¶ 4, a non-party, and then denounces any purposed assignment, *id.* ¶ 22. Specifically, Plaintiff alleges that "the [Loan] was improperly assigned and was never effectively delivered" to Defendants. *Id.* ¶ 22; *see also id.* ¶¶ 24(a) ("The [Loan] at issue was neither properly endorsed . . . or properly assigned to ARMT"), 24(f) ("Any purported conveyance of the mortgage loan is null and void").

Thus, Plaintiff's Complaint alleges that Defendants are *not* parties to the Loan – meaning the Defendants have no contractual relationship with Plaintiff. *Id.* ¶¶ 23 ("Defendants' [sic] have no . . . right, lien, or interest what[so]ever in or to the subject property or any part of the property"), 24(h) ("ARMT purports, albeit improperly an/or unlawfully, to be the holder of the underlying loan and defendant [WF], purports, albeit improperly and/or unlawfully, to possess servicing rights to the subject loan"). Since Plaintiff's Complaint does not plausibly plead any contractual relationship between Plaintiff and Defendants, Plaintiff's claims based on such contractual relationship must fail. Plaintiff's claim for breach of implied covenant of good faith and fair

7

dealing (Count II), breach of fiduciary duty (Count III), unjust enrichment (Count IV), breach of contract (Count V), and unconscionability (Count VII) are dismissed without prejudice.

Finally, Plaintiff brings claims for common law fraud (Count VI) and consumer fraud under the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-2 *et seq.* (Count VIII). At a minimum, both claims require Plaintiff to allege, with particularity, a material misrepresentation or unlawful conduct by Defendants. *See Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997) (explaining that the elements for common law fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."); *Dabush v. Mercedes-Benz USA, LLC*, 378 N.J. Super. 105, 114 (App. Div. 2005) (explaining that the elements for consumer fraud under the NJCFA claim are: "(1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss.").

Here, Plaintiff has made only conclusory allegations as to Defendants' conduct. Plaintiff alleges that "Defendants made materially false representations of material fact regarding their intentions on the mortgage-loan agreement and made material omissions with respect to that agreement," Compl. ¶ 43, but Plaintiff does not identify who, specifically, made these representations, and when. Similarly, Plaintiff alleges that "Defendants engaged in unconscionable commercial business practices, deception, fraud, false pretense, false promises and/or misrepresentations with regard to the subject mortgage," *id.* ¶ 56, but Plaintiff does not identify who, specifically, engaged in this fraud and deception, and when. Notably, many of the conclusory allegations as to Defendants' improper conduct appear to emanate from the origination

8

of the Loan, *e.g., id.* ¶¶ 8-16 – an event that Defendants are not alleged to have been involved with, *id.* ¶ 4. Plaintiff's claims for common law fraud (Count VI) and consumer fraud (Count VIII) are dismissed without prejudice.

## IV. CONCLUSION

In sum, the Court grants Defendants' motion to dismiss Plaintiff's Complaint, D.E. 10. The Court dismisses all of Plaintiff's claims without prejudice. Plaintiff has thirty days to file an amended complaint consistent with this Opinion. If Plaintiff does not do so, this matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: June 6, 2019

John Michael Vazquez, U.S.D.J.